UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| V.R.,<br><br>  Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI,<br><br>  Defendant. | Case No. 20-cv-03994-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 20, 21 |

Plaintiff V.R.[1] appeals a final decision of the Commissioner of Social Security ("Commissioner")[2] denying his application for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, *et seq*. V.R. contends the administrative law judge ("ALJ") erred in three respects. First, he contends that the ALJ failed to provide sufficient reasons for discounting his subjective testimony. Second, he contends that the ALJ erred in assessing his residual functional capacity ("RFC"). Third, he contends that the ALJ erred at step five of the sequential evaluation by finding that he can perform the occupations of cashier, inspector/hand packager, and storage facility rental clerk.

---

[1] Because orders of the Court are more widely available than other filings, and this order contains potentially sensitive medical information, this order refers to the plaintiff only by his initials. This order does not alter the degree of public access to other filings in this action provided by Rule 5.2(c) of the Federal Rules of Civil Procedure and Civil Local Rule 5-1(c)(5)(B)(i).

[2] Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as defendant in place of Andrew Saul.

1    The parties have filed cross-motions for summary judgment.  The matter was submitted
2   without oral argument.  Upon consideration of the moving and responding papers and the relevant
3   evidence of record, for the reasons set forth below, the Court grants in part and denies in part
4   V.R.'s motion for summary judgment, grants in part and denies in part the Commissioner's cross-
5   motion for summary judgment, and remands this matter for further administrative proceedings
6   consistent with this order.³

## I.    BACKGROUND

V.R. filed his application for disability insurance benefits in February 2017, when he was 51 years old, alleging that he has been disabled since July 17, 2013 due to a heart attack, diabetes, bilateral shoulder injuries, sleep apnea, and bilateral knee pain.  AR⁴ 55, 136-37, 151, 190, 193.

V.R. has a high school education and prior work as a concrete foreman, which he performed until April 2013, when the business he worked for closed and then, three months later, he had a heart attack.  AR 32, 152.

V.R.'s application was denied initially and on reconsideration.  AR 72-77, 79-84.  An ALJ held a hearing and subsequently issued an unfavorable decision on May 2, 2019.  AR 12-23, 27-53.  The ALJ found that V.R. met the insured status requirements of the Act through June 30, 2018 and that he did not engage in substantial gainful activity between the alleged onset date of July 17, 2013 and his date last insured.  AR 17.  She further found that V.R. has the following severe impairments: "chronic ischemic heart disease with or without angina, peripheral neuropathy, diabetes mellitus II with neuropathy, retinopathy and macular edema, chronic pain syndrome, post myocardial infarction/ ischemic heart disease, post-shoulder arthroscopy with repair of rotator cuff and osteoarthritis of left hip."  *Id.*  However, the ALJ concluded that V.R. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the Commissioner's regulations.  *Id.*

The ALJ determined that V.R. has the RFC to perform light work, as defined in 20 C.F.R.

---

³ All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 11.

⁴ "AR" refers to the certified administrative record lodged with the Court.  Dkt. No. 15.

1   § 404.1567(b), except as follows:

> [V.R.] can stand and/or walk five hours in an eight-hour workday. He can occasionally operate hand controls with upper left extremity and operate foot controls with lower right extremity. He can occasionally balance, stoop, reach in any direction with the left upper extremity, as well as climb stairs and ramps, but can never climb ladders, ropes or scaffolds. He can reach overhead frequently. He should avoid concentrated exposure to heat, cold, vibrations, pulmonary irritants and climate exposure that would aggravate his neuropathy. He should avoid even moderate exposure to hazards. Additionally, it must be considered that the claimant walks with a cane.

AR 18. The ALJ found that, through the date last insured, V.R. was unable to perform past relevant work as a cement mason, but was able to perform other jobs existing in significant numbers in the national economy, including cashier II, inspector/hand packager, and storage facility rental clerk. AR 21-22. Accordingly, the ALJ concluded that V.R. was not disabled, as defined by the Act, from the alleged onset date of July 17, 2013 through June 30, 2018. AR 23.

The Appeals Council denied V.R.'s request for review of the ALJ's decision. AR 1-3. V.R. then filed the present action seeking judicial review of the decision denying his application for benefits.

## II.   LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (citation omitted); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (citation omitted). In this context, the term "substantial evidence" means "more than a mere scintilla" but "less than a preponderance" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ahearn*, 988 F.3d at 1115 (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) and *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012), *superseded by regulation on other grounds*; internal quotation marks omitted*)*; *see also Morgan*, 169 F.3d at 599 (citation omitted). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering

1 adverse as well as supporting evidence. *Ahearn*, 988 F.3d at 1115 (citation omitted); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Ahearn*, 988 F.3d at 1115-16 (citation omitted); *Morgan*, 169 F.3d at 599 (citation omitted).

## III. DISCUSSION

V.R. challenges three determinations made by the ALJ. First, he argues that the ALJ erred in discounting his subjective symptom testimony, specifically his testimony that the peripheral neuropathy in his feet limits him to comfortably standing or walking for no more than 15 to 20 minutes at a time. Second, V.R. argues that the ALJ erred in assessing his RFC by not incorporating into the RFC any limitations related to his chronic pain syndrome. Third, V.R. argues that the ALJ erred at step five of the sequential evaluation by finding that he could perform the occupations of cashier II, inspector/hand packager, and storage facility rental clerk.

### A. V.R.'s Subjective Testimony

V.R. argues that the ALJ erred in discounting his testimony that his neuropathic foot pain prevents him from comfortably standing or walking for more than 15 to 20 minutes at a time. The Court agrees.

An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citing 42 U.S.C. § 423(d)(5)(A)). In assessing a claimant's subjective testimony, an ALJ conducts a two-step analysis. First, "the claimant 'must produce objective medical evidence of an underlying impairment' or impairments that could reasonably be expected to produce some degree of symptom." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996)). If the claimant does so, and there is no affirmative evidence of malingering, then the ALJ can reject the claimant's testimony as to the severity of the symptoms "'only by offering specific, clear and convincing reasons for doing so.'" *Id.* (*quoting Smolen*, 80 F.3d at 1281); *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("We therefore review the ALJ's discrediting of Claimant's testimony for specific, clear, and convincing reasons.").

4

Here, V.R. testified that he is unable to work due in large part to pain in his feet caused by peripheral neuropathy related to his diabetes. AR 33, 35-36, 165, 172. He testified that his foot pain limits him to comfortably standing or walking for only 15 to 20 minutes at a time. AR 35-36. He also testified that he has pain in his hip, groin, shoulders, and lower back. AR 33, 44.

The ALJ found that V.R.'s medically determinable impairments could reasonably be expected to cause his alleged symptoms, however, she also found that V.R.'s statements concerning the intensity, persistence, and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence in the record. AR 18. Since the ALJ did not identify any affirmative evidence of malingering, she was required to provide "specific, clear and convincing reasons" for this determination. *Tommasetti*, 533 F.3d at 1039 (citation and internal quotation marks omitted). The Court finds the ALJ failed to do so.

The ALJ's stated reason for discounting V.R.'s testimony in general was that his "pain is manageable with recommended medications, injections, which the claimant has routinely declined, as well as exercises." AR 18. Specific to V.R.'s neuropathic foot pain, the ALJ cited to two medical records in support of her decision to discount V.R.'s testimony. First, the ALJ cited an August 19, 2013 treatment note where V.R. was offered medication for his neuropathic pain but V.R. stated that he "would like to [h]old off." AR 19, 1066-68. Second, the ALJ cited a January 17, 2014 treatment note where V.R.'s doctor offered to increase his current neuropathic pain medication, Nortriptyline, and add a new medication, Gabapentin, and V.R. decided to increase the Nortriptyline but not start the Gabepentin yet. AR 19, 1023-26.

The two records cited by the ALJ do not provide substantial evidence for her conclusion that V.R.'s neuropathic pain is "manageable with recommended medications . . . which [V.R.] has routinely declined." AR 18. The ALJ's citation to these two treatment notes ignores other notes that contradict the ALJ's conclusions. *See Ahearn*, 988 F.3d at 1115 ("To determine whether substantial evidence supports the ALJ's determination, we must assess the entire record, weighing the evidence both supporting and detracting from the agency's conclusion.") (citation omitted); *see also Williams v. Colvin*, No. ED CV 14-2146-PLA, 2015 WL 4507174, at *6 (C.D. Cal. July 23, 2015) ("An ALJ may not cherry-pick evidence to support the conclusion that a claimant is not

disabled, but must consider the evidence as a whole in making a reasoned disability determination.") (citing *Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001)).

For example, other treatment notes show that, approximately two months after deciding to "[h]old off" on taking any medication for his neuropathic pain, V.R. agreed to start taking Nortriptyline. AR 1040-42, 1066-68. Three months later, V.R. twice agreed to increase his Nortriptyline dosage because of continued pain. AR 1023-26, 1027-29. While it is true that V.R. initially declined to take Gabapentin when it was first recommended, that was because he wanted to wait a month to see if an increase in Nortriptyline would be sufficient to control his pain. AR 1023-26. A month later, when the increase in Nortriptyline was not sufficient, V.R. agreed to start Gabapentin. AR 1005-06. V.R. then briefly stopped taking Gabapentin after it caused him to talk in his sleep, but he resumed taking it after his doctor recommended that he do so. AR 995. V.R. then continued to take Nortriptyline and Gabapentin for his neuropathic pain throughout the relevant period and continued to complain of ongoing pain in his feet. *See, e.g.*, AR 2502, 3784. These treatment records, viewed together, do not provide substantial evidence to support the ALJ's conclusions that V.R.'s neuropathic pain is manageable with medications or that V.R. has routinely declined recommended medication. The ALJ therefore erred in discounting V.R.'s testimony regarding his neuropathic pain on this basis. This error warrants remand.

### B. The ALJ's RFC Assessment

V.R. next challenges the ALJ's assessment of V.R.'s RFC, arguing that the ALJ erred by failing to incorporate into the RFC any limitations related to V.R.'s chronic pain syndrome. In particular, V.R. argues that the ALJ erred in failing to incorporate into the RFC (1) the effects of V.R.'s chronic pain and pain medications on his ability to maintain the concentration, persistence, and pace required to sustain work activity and (2) V.R.'s inability to comfortably stand or walk for more than 15 to 20 minutes at a time.

The Court rejects V.R.'s first argument. V.R. does not cite to any portion of the record where he alleges any mental limitations related to maintaining concentration, persistence, and pace. *See, e.g.*, AR 43, 151. Nor does he cite any medical records that would support such limitations. In the absence of any evidence to support these limitations, the ALJ did not err in not

incorporating into the RFC mental limitations related to maintaining concentration, persistence, and pace based solely on V.R.'s diagnosis of chronic pain syndrome. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996) ("When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity.").

The Court agrees, however, with V.R.'s second argument. The Court has already found that the ALJ erred in failing to provide sufficient reasons for rejecting V.R.'s testimony regarding his neuropathic foot pain. The ALJ therefore also failed to provide sufficient reasons for not including standing and walking limitations consistent with this testimony in the RFC. This error warrants remand as well.

### C. The ALJ's Step-Five Determination

V.R.'s final claim of error is that the ALJ erred in his step-five determination that V.R. could perform the occupations of cashier II, inspector/hand packager, and storage facility rental clerk. *See* AR 22. V.R. raises two separate arguments on this point. First, V.R. argues that the ALJ's hypothetical to the vocational expert ("VE"), which formed the basis for the ALJ's step-five determination, was incomplete because it did not include all of V.R.'s limitations. *See* AR 22, 47-49. Second, V.R. argues that, even assuming the ALJ did not err in assessing his RFC or formulating the hypothetical, the ALJ still erred in finding that V.R. could perform the listed occupations, because those occupations require frequent reaching and the RFC formulated by the ALJ limited V.R. to occasional reaching with his left hand. *See* AR 18, 22, 47-49.

The Court has already found that the ALJ failed to provide sufficient reasons for discrediting V.R.'s testimony about his standing and walking limitations and failed to provide sufficient reasons for not incorporating those limitations into V.R.'s RFC. The Court therefore also finds that the ALJ failed to provide sufficient reasons for not including limitations consistent with that testimony in the hypothetical to the VE. This error warrants remand. The Court does not reach the now-moot counterfactual question of whether the ALJ erred at step five even assuming there was no error in the RFC assessment or hypothetical posed to the VE.

## IV. DISPOSITION

V.R. asks the Court to remand for payment of benefits under the credit-as-true doctrine. "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017) (citation omitted). The Court may remand for an immediate award of benefits only where (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. at 1045 (citations omitted). Even when all three conditions are satisfied and the evidence in question is credited as true, it is within the district court's discretion whether to make a direct award of benefits or to remand for further proceedings when the record as a whole creates serious doubt as to disability. *Id*. (citations omitted).

The credit-as-true standard is not satisfied here. There are further issues that must be resolved before a final determination can be made. As discussed above, on remand the ALJ should reconsider V.R.'s testimony that his neuropathic foot pain prevents him from comfortably standing or walking for more than 15 to 20 minutes at a time and, if necessary, reassess V.R.'s RFC and re-evaluate the step-five determinations in light of that testimony.

## V. CONCLUSION

Based on the foregoing, V.R.'s motion for summary judgment is granted in part and denied in part, the Commissioner's motion for summary judgment is granted in part and denied in part, and this matter is remanded for further proceedings consistent with this order. The Clerk shall enter judgment accordingly and close this file.

**IT IS SO ORDERED.**

Dated: November 12, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge