UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| V.R.,<br><br>        Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI,<br><br>        Defendant. | Case No.  20-cv-03994-VKD<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 28 |

Attorney Harvey P. Sackett of Sackett and Associates, counsel for plaintiff V.R., moves for attorney's fees pursuant to 42 U.S.C. § 406(b) following V.R.'s successful appeal of the denial of Social Security benefits.[1] Dkt. No. 28.  Mr. Sackett seeks an award of $40,000, which is less than 25% of the past-due benefits awarded to V.R.  Mr. Sackett's motion is granted for the reasons discussed below.

I.   **BACKGROUND**

This case arises out of plaintiff V.R.'s application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423, *et seq.*  On the parties' cross-motions for summary judgment, the Court granted in part and denied in part V.R.'s motion for summary judgment, remanded the case for further proceedings, and entered judgment accordingly.  Dkt. Nos. 24, 25.  The Court subsequently approved the parties' stipulation for an award of attorney's fees in the amount of $6,000 to Mr. Sackett, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142.  Dkt. No. 27.  On remand from this Court's order, the Social

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi is substituted as the defendant.

Security Administration ("agency") concluded that V.R. is entitled to receive past-due benefits in the amount of $174,123.90 for February 2016 through March 2023. Dkt. No. 28-3 at ECF 6. The agency informed V.R. that the agency is withholding $43,530.98, or 25% of his past-due benefits, for the payment of attorney's fees. *Id*. Pursuant to a contingency fee agreement between Mr. Sackett and V.R., if V.R. receives a favorable decision at any time following an unfavorable or partially favorable administrative law judge decision, at either an administrative or judicial level, counsel is entitled to "a fee no greater than 25% of the past-due benefits owed to [V.R.] . . .." Dkt. No. 28-4 at ECF 1.

Mr. Sackett now seeks $40,000 (about 22.9% of V.R.'s past-due benefits) pursuant to 42 U.S.C. § 406(b) and the fee agreement with V.R. Mr. Sackett states that he will reimburse V.R. for the previous $6,000 EAJA fee award, leaving a net fee award of $34,000.00. Dkt. No. 28-1 at ECF 2.

The record indicates that Mr. Sackett e-mailed a copy of the present motion to V.R. on September 5, 2023. Dkt. No. 28-8. The Court has received no objection or any other response from V.R. The Commissioner filed an untimely response, well beyond the time for doing so (Dkt. No. 29).[2] *See* Civil L.R. 7-3. The Court has not considered the Commissioner's untimely filing and hereby strikes it from the record. The period for briefing on this matter is closed. The motion is deemed suitable for determination without oral argument. The noticed October 10, 2023 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving papers, the Court grants Mr. Sackett's fees motion.

## II.   DISCUSSION

When a court renders judgment favorable to a claimant represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). A court may award such fees even if the court's judgment did not immediately result in an award of past-due benefits. *Butler v. Colvin*,

---

[2] The Commissioner is admonished to timely file her papers as required by the Court's Local Rules.

No. 3:14-cv-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017). Although a district court may award fees under both the EAJA and § 406(b), "'the claimant's attorney must refund to the claimant the amount of the smaller fee.'" *Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "The statute does not specify how courts should determine whether a requested fee is reasonable" and "provides only that the fee must not exceed 25% of the past-due benefits awarded." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."). The attorney seeking fees must show that the fees sought are reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.

In determining a reasonable fee award under § 406(b), courts "must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). In this context, reasonableness does not depend on lodestar calculations, but upon "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Fees resulting from a contingent fee agreement are unreasonable and subject to reduction by the court "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). Although the Supreme Court has "flatly rejected [a] lodestar approach," *id*., a court may require, "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," submission of the requesting attorney's records of the hours worked and normal hourly billing rate for non-contingent fee cases. *Gisbrecht*, 535 U.S. at 808.

3

1  Mr. Sackett has demonstrated that the requested fees are reasonable for the services
2  rendered. His contingency fee agreement with V.R. provides for fees within the 25% limit
3  imposed by § 406(b). Dkt. No. 28-4. Moreover, he successfully pursued V.R.'s appeal in this
4  Court, and obtained a favorable result in which V.R. received substantial past-due benefits dating
5  back to 2016. Dkt. Nos. 28-2, 28-3. Nothing in the record suggests that Mr. Sackett's
6  performance was substandard, or that he engaged in dilatory conduct in order to increase the
7  amount of fees to be awarded. The Court granted in part two stipulated requests filed by V.R. for
8  extensions of time to file a summary judgment motion due to Mr. Sackett's staffing and workload
9  issues. *See* Dkt. Nos. 17, 19. The extensions were relatively modest. The Court finds no
10 instances of undue delay.
11  Mr. Sackett's time records, which the Court has reviewed as an aid to the assessment of the
12 reasonableness of the requested fee, indicate that he spent 29.75 hours working on the present
13 appeal. *See* Dkt. No. 28-5. Although those records result in a high hourly rate, as discussed
14 above, *Gisbrecht* and *Crawford* make clear that a lodestar analysis does not drive the evaluation of
15 fees under § 406(b). *See Gisbrecht*, 535 U.S. at 806; *Crawford*, 586 F.3d at 1149. Moreover, the
16 Court recognizes that Mr. Sackett assumed a risk of not recovering fees by representing V.R. on a
17 contingency basis since January 2017. *See* Dkt. No. 28-4. At that time, the agency had not yet
18 decided V.R.'s application for benefits. And Mr. Sackett could not have known that, years later,
19 V.R. would obtain an order remanding the case for further proceedings and that the agency
20 ultimately would find that V.R. was entitled to past-due benefits.
21  Accordingly, the Court finds that the requested fees are reasonable. Mr. Sackett's motion
22 for fees therefore is granted.

23 **III.   CONCLUSION**
24  Based on the foregoing, the motion for fees pursuant to 42 U.S.C. § 406(b) is granted. The
25 Court awards $40,000.00 in fees to Mr. Sackett of Sackett and Associates. Mr. Sackett shall
26 ///
27 ///
28 ///

4

refund to V.R. $6,000 in EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated: October 2, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge